Officer Megan Streussnig Cabot Police Department P.O. Box 1113 Cabot, AR 72023
Dear Officer Streussnig:
This is in response to your request, pursuant to the Arkansas Freedom of Information Act ("FOIA"), A.C.A. § 25-19-105(c)(3)(B) (Supp. 1995), for an opinion on whether the Cabot Police Department's ("Department") decision to excise certain information prior to releasing your letter of suspension is consistent with the FOIA.
It is my opinion that the public's interest in disclosure in this instance is probably satisfied by the record that has been released, and that the deletion by the custodian is not per se inconsistent with the act.
The letter of suspension clearly falls within the category of "employee evaluation or job performance records" under A.C.A. § 25-19-105(c). The legislature has recognized a balance between the public's right to know and the employee's right to privacy by enacting this subsection, which states in pertinent part:
 [A]ll employee evaluation or job performance records, including preliminary notes and other materials, shall be open to public inspection only upon final administrative resolution of any suspension or termination proceeding at which the records form a basis for the decision to suspend or terminate the employee and if there is a compelling public interest in their disclosure.
A.C.A. § 25-19-105(c)(1) (Supp. 1995).
Your question in this instance focuses on the "compelling public interest" requirement, as the Department has apparently determined that this requirement has not been met with respect to the deleted information. A recognized commentator on the FOIA has stated, with regard to this requirement, that "the mere fact that an employee has been suspended or terminated does not mean that the records should be made public[.]" J. Watkins, The Arkansas Freedom of Information Act 135 (2d ed. 1994). Professor Watkins suggests that the problem that led to the suspension or termination, as well as the status of the employee, will likely bear on the "compelling public interest" question. Id. He notes, however that in some cases "rank is unrelated to importance" and that in the case of police officers and other law enforcement officials, the "`cop on the beat' is just as important as the chief of police" and the public has a "great interest" in the performance of these individuals.Id. at 136.
The foregoing supports, in my opinion, the Department's decision to release the letter of suspension with the majority of the text open for review. The letter reveals the problems that led to your suspension and the reasons given for suspension. The disclosure of this misconduct is warranted, in my opinion, under the "compelling public interest" test. I cannot conclude, however, that there is a compelling public interest in the deleted information. There is clearly a privacy interest in this information. While the question is a close one, I believe the public's interest is met through the disclosures that are made in the record that has been released. The balance must tip, in my opinion, in favor of nondisclosure of the deleted information, in light of the individual privacy interest.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh